**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| KEVIN BUCKLEY et al., | : | |
| | : | Civil Action No. 15-2579 (SRC) |
| Plaintiffs, | : | |
| | : | |
| v. | : | **OPINION & ORDER** |
| | : | |
| UNION COUNTY et al., | : | |
| | : | |
| Defendants. | : | |

**CHESLER, U.S.D.J.**

This matter comes before this Court on two motions for partial summary judgment, pursuant to Federal Rule of Civil Procedure 56: 1) the motion by Plaintiffs Kevin Buckley and Ryan Wilson (collectively, "Plaintiffs"); and 2) the cross-motion by Defendants Union County and Union County Sheriff's Department (collectively, "Defendants"). For the reasons stated below, both motions will be denied.

This case arises from a dispute between the employee Plaintiffs, who were K-9 officers, and the employer Defendants over pay under the Fair Labor Standards Act ("FLSA"). Plaintiffs move for partial summary judgment on the single issue of whether "time spent by K-9 Officers off the clock on the care and maintenance of their canine partners is compensable time" under the FLSA. (Pls.' Br. 2.) Defendants cross-move for partial summary judgment on the single issue of whether the parties had a reasonable agreement regarding compensation for time spent caring for the dogs. Based on the evidence of record, this Court finds that material factual disputes preclude the entry of judgment as a matter of law on both issues.

Plaintiffs have moved for partial summary judgment on the issue of whether canine care

time outside of work is compensable time under the FLSA.  In opposition, Defendants argue that 29 C.F.R. § 785.23 contains a crucial exception to the FLSA requirements.  This regulation states that, under certain circumstances: "It is, of course, difficult to determine the exact hours worked under these circumstances and any reasonable agreement of the parties which takes into consideration all of the pertinent facts will be accepted."  29 C.F.R. § 785.23.  The Sixth Circuit applied § 785.23 under very similar circumstances – an FLSA dispute over compensation for officer care of canines – in <u>Brock v. City of Cincinnati</u>, 236 F.3d 793, 805 (6th Cir. 2001).  Thus, the existence of a reasonable agreement may resolve such a dispute.

Defendants oppose Plaintiffs' motion, and cross-move for summary judgment, on the ground that the parties made a reasonable agreement as part of the resolution of a Department of Labor complaint in the 1990s.  In support, Defendants point to the certifications of Brian Way and John Gillespie, which generally attest to this factual assertion.  This suffices to raise a material factual dispute over whether such an agreement existed which, more significantly, requires a factual inquiry into "all of the pertinent facts" so that the Court may determine whether such an agreement, if it exists, is reasonable.  Defendants thus defeat Plaintiffs' motion for partial summary judgment by pointing to evidence that raises material factual disputes.  Plaintiffs expressly acknowledge this factual dispute in their reply brief.  (Pls.' Reply Br. 3.)

The Court finds that material factual disputes preclude the grant of judgment as a matter of law in regard to both the motion and the cross-motion, and these motions will be denied.

For these reasons,

**IT IS** on this 25th day of July, 2018

**ORDERED** that Plaintiffs' motion for partial summary judgment (Docket Entry No. 31) is **DENIED**; and it is further

**ORDERED** that Defendants' cross-motion for partial summary judgment (Docket Entry No. 34) is **DENIED**.

                                                          s/ Stanley R. Chesler
                                              STANLEY R. CHESLER, U.S.D.J.